UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD WILLIAMS                                                    CIVIL ACTION

VERSUS                                                             NO. 13-4792

WARDEN JERRY GOODWIN                                               SECTION "A"(2)

## ORDER

Petitioner, DONALD WILLIAMS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1985 state court conviction and sentence. To support his challenge, petitioner asserts that (1) he was denied effective assistance of counsel; (2) La. C.Cr.P. art. 930.8 is unconstitutional; and (3) an erroneous jury charge was read to the jury.

A review of this Court's records reflects that petitioner has filed numerous petitions for writ of habeas corpus related to the same conviction and sentence: Donald R. Williams v. John P. Whitley, Civil Action 92-0166 "A"(2); Donald Williams v. Burl Cain, Civil Action 98-1922 "A"(2); Donald Williams v. Burl Cain, Warden, Civil Action 01-0052 "A"(2); Donald Williams v. Burl Cain, Warden, Civil Action 03-0847 "A"(2); Donald Williams v. Burl Cain, Warden, Civil Action 06-2838 "A"(2); Donald Williams v. Howard Prince, Warden, Civil Action 11-2624 "A"(2); and Donald Williams v. Howard Prince, Warden, Civil Action 12-2036 "A"(2).

In his first petition, petitioner raised the following grounds for relief:

1)      Denial of effective assistance of counsel at trial and on appeal;

2)      Insufficient evidence to convict;

3)      The prosecutor failed to inform the jury and defense counsel that a witness testified on behalf of the State as a result of a "deal" made with the State.

That petition was dismissed with prejudice on the merits by Judgment entered April 9, 1992. On December 2, 1992, the United States Fifth Circuit Court of Appeals affirmed the judgment.

The Fifth Circuit has denied all of petitioner's subsequent attempts to obtain authorization to proceed with second or successive petitions for habeas corpus relief in this Court. Due to his numerous filings, the Fifth Circuit has also sanctioned petitioner on several occasions. (No. 11-31024 - $100 monetary sanction; No. 12-31269 - $100 monetary sanction, and No. 13-90017 - $100 monetary sanction). Two sanctions are still outstanding as of this date; only one of these monetary sanctions has been paid. He has also been warned repeatedly that future frivolous challenges to his convictions or sentences will subject him to additional and progressively more severe sanctions. Undeterred, however, petitioner continues to file unauthorized second or successive habeas petitions in this Court.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244.[1] Before this petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from

---

[1] Section 2244(b) provides in relevant part:
> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the application guilty of the underlying offense.

the United States Fifth Circuit Court of Appeals as required by 28 U.S.C. § 2244(b)(3)(A). In light of the sanction order against petitioner, this Court has no authority to construe the petition as a motion for authorization. Until such time as petitioner obtains said authorization directly from the Fifth Circuit, this Court is without jurisdiction to proceed.

Accordingly, **IT IS ORDERED** that Donald Williams's petition is **DISMISSED** for lack of jurisdiction, but without prejudice to petitioner's right to file a motion for leave to file a second or successive §2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to §2244(b)(3)(A). See In Re Epps, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

July 18, 2013

_____
UNITED STATES DISTRICT JUDGE